UNITED STATES DISTRICT COURT                    O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| FEDERICO JARAMILLO-BENITEZ | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL CASE NO. 5:10-cv-96 |
| | § | CRIMINAL CASE NO. 5:09-cr-1001-1 |
| UNITED STATES OF AMERICA | § | |

## OPINION AND ORDER DENYING
## FEDERICO JARAMILLO-BENITEZ' 28 U.S.C. § 2255  MOTION

Pending before the Court is Federico Jaramillo-Benitez' ("Jaramillo") Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1]

## I.    BACKGROUND

On May 12, 2009, a federal grand jury in Laredo, Texas, charged Jaramillo with illegal

reentry.  Specifically, the indictment charged that

> [Jaramillo] an alien who had previously been denied admission, excluded,
> deported, and removed, and has departed the United States while an order of
> exclusion, deportation and removal is outstanding, was found in the United States,
> having not obtained the consent of the Attorney General of the United States to
> reapply for admission into the United States prior to March 1, 2003 and having
> not obtained consent from the Secretary of the Department of Homeland Security
> to reapply for admission into the United States on or after March 1, 2003.

In violation of Title 8, United States Code, Section 1326.[2]

Jaramillo pleaded guilty to the indictment on June 11, 2009.[3]  As part of his plea agreement with

the government, Jaramillo waived his right to appeal or collaterally attack his sentence or

conviction.[4]  Specifically, the agreement states,

---

[1] Dkt. No. 1.  ("Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will
   cite to the docket number entries rather than the title of each filing.  "Dkt. No." will be used to refer to filings in
   civil case number 5:10-cv-96.  "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:09-cr-1001-
   1. ).
[2] Cr. Dkt. No. 7.
[3] Case 5:09-cr-1001, Minute Entry 6/11/2009.
[4] Cr. Dkt No. 14.

> Defendant is aware that Title 18, U.S.C. § 3742, affords a defendant the right to appeal a conviction and appeal the sentence imposed.  Defendant agrees to waive the right to appeal the conviction, the sentence imposed or the manner in which the sentence was determined.  Additionally, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  Defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.[5]

On September 1, 2009, the Court sentenced Jaramillo to fifty-seven months imprisonment and three years of supervised release.[6]  After Jaramillo was sentenced, he signed a Notice of Non-Appeal, which states that Jaramillo discussed his case with his attorney and that Jaramillo had decided to not pursue an appeal.[7]  The Court entered judgment on September 3, 2009.[8]  On August 27, 2010, Jaramillo filed the current motion under 28 U.S.C. § 2255.[9]  In the memorandum supporting his motion, Jaramillo alleges that he received ineffective assistance of counsel at various stages of his case and that he received an unreasonable sentence.[10]

## II.   DISCUSSION

### A.     Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[11]  Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to

---

[5] *Id.* at ¶ 7.
[6] Minute Entry 9/01/2009 & Cr. Dkt. No. 23.
[7] Cr. Dkt. No. 25.
[8] Cr. Dkt. No. 23.
[9] Dkt. No. 1.
[10] Dkt. No. 2.
[11] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

collateral attack.[12]   After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[13]

### B.    Plea and Waiver of Right to Appeal and Right to Mount Collateral Attacks

It is well-established that a defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary, and the waiver applies to the circumstances at hand.[14]   A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement."[15]   A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence.[16]

When determining whether a defendant's waiver is knowing and voluntary, the Court is mindful of the Fifth Circuit's position that Rule 11 admonishments provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."[17]   Moreover, the requirement that a waiver be knowing and voluntary does not require a court to ensure that the defendant's knowledge of the consequences is perfect.[18]   "[T]he Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver

---

[12] 28 U.S.C. § 2255 (2006); *see United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

[13] 28 U.S.C. § 2255, PROC. R. 4(b).

[14] *See United States v. Sanchez Guerrero*, 546 F.3d 328, 335 (5th Cir. 2008) (*citing United States v. Palmer*, 456 F.3d 484, 488 (5th Cir.2006); *see also United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

[15] *Bond*, 414 F.3d at 544.

[16] *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D. Tex. Mar. 23, 2007).

[17] *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993).

[18] *Boyd*, 2007 WL 900949, at *4 (citing *United States v. Ruiz*, 536 U.S. 622, 630 (2002).

of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[19]

The Court pays careful attention to the previous proceedings and declarations by a defendant.  "For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a *formidable barrier* in any subsequent collateral proceedings.  *Solemn declarations in open court carry a strong presumption of verity.*"[20]

In limited circumstances, a defendant may plead around a waiver and claim ineffective assistance of counsel if he alleges that the plea or waiver were tainted by counsel's ineffective assistance.[21]  The Court emphasizes that this is a *narrow exception*; "an ineffective assistance of counsel argument survives a waiver of appeal *only* when the claimed ineffective assistance *directly affected the validity of that waiver or the plea itself.*"[22]

### C.      Jaramillo's Plea and Waiver at Rearraignment

When Jaramillo arrived in court for his rearraignment, he indicated that he was not happy with his attorney.[23]   The judge took Jaramillo's concerns seriously and spent a significant amount of time explaining Jaramillo's situation to him.[24]  Jaramillo said that he was dissatisfied with his attorney's investigation of his case, but could not articulate what he wanted his attorney to investigate.[25]  Then Jaramillo expressed dissatisfaction with what his attorney was "offering" him, the Court explained to Jaramillo that his attorney was not offering him anything because his attorney did not have any control over the penalty for the offense.  His attorney could only give

---

[19] *United States v. Ruiz*, 536 U.S. 622, 630 (2002).
[20] *Blackledge v. Allison*,  431 U.S. 63, 73-74 (1977) (emphasis added.).
[21] *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).
[22] *Id.* (emphasis added).
[23] Audio Recording of Rearraignment, June 11, 2009.
[24] *Id.*
[25] *Id.*

him a best guess about how his case would work out through the system.[26]   The Court emphasized to Jaramillo that the decision to plead or not was Jaramillo's decision.[27]   The Court explained that Jaramillo's attorney would not be the one determining Jaramillo's sentence.[28] After an extended discussion between the court and Jaramillo, the court took a short recess for Jaramillo to talk with his attorney once again.[29]

A few minutes later the hearing resumed and Jaramillo indicated he would proceed to rearraignment.  The Court then placed Jaramillo under oath.[30] Consistent with the requirements of Federal Rule of Criminal Procedure 11,[31] the Court advised Jaramillo of his rights, the charge against him, and the consequences of pleading guilty.  Jaramillo said he had had enough time to discuss his case with his attorney.[32]  Jaramillo also said he was satisfied with his attorney's legal representation.[33]   The Court explained the charge against Jaramillo, and Jaramillo said he understood.[34]   Jaramillo said he had signed the plea agreement and went through it with his attorney.[35]  Jaramillo acknowledged that as part of his plea agreement with the government he was giving up his rights to appeal his conviction or sentence and giving up any statutory rights to complain about the same once they became final.[36]  Jaramillo admitted he had given up those rights and agreed to plead guilty to the charge in his indictment in order to obtain various

---

[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] Transcript of June 11, 2009, Rearraignment at p. 6 (The Court took the pleas of several defendants on June 11, 2009.  A defendant in a separate criminal case, 5:09-cr-1003, appealed his sentence and a transcript of the rearraignment was produced in that case.  Therefore, when the Court cites to the transcript of the June 11, 2009, Rearraignment, it may be found in 5:09-cr-1003, Cr. Dkt. No. 34.).
[31] *See* FED. R. CRIM. P. 11(b).
[32] Transcript of June 11, 2009, Rearraignment at p. 7.
[33] *Id.*
[34] *Id.* at pp. 9-10.
[35] *Id.* at pp. 11-12.
[36] *Id.* at pp. 12-13.

concessions from the government.[37]  Jaramillo said no one had promised him anything else to get

him to plead guilty.[38]  Jaramillo also acknowledged that his agreement with the United States

Attorney's office was not binding on the district judge.[39]  Jaramillo stated that no one had forced

him or threatened him to get him to plead guilty.[40]  Jaramillo affirmed that he was pleading

guilty freely and voluntarily—that it was his decision.[41]

The Court explained the maximum penalties Jaramillo was facing, and Jaramillo said he

understood.[42]  The Court then discussed the sentencing guidelines and warned Jaramillo that if

his attorney talked about a score or a particular range of punishment or confinement, it was a best

guess or estimate—not a guarantee;[43]  Jaramillo said he understood.[44]  The Court explained that

the sentencing guidelines were only one factor among others that the district court must consider,

and Jaramillo said he understood.[45]

The Court then explained Jaramillo's right to a trial and other associated rights, and

Jaramillo said he understood and was willing to give up those rights.[46]  Jaramillo pleaded guilty

to the charge in his indictment.[47]  The Court accepted Jaramillo's plea.[48]  Additionally, Jaramillo

signed an addendum to his plea agreement with the government which stated the following:

> I have consulted with my attorney and fully understand all my rights with respect
> to the indictment pending against me.  My attorney has fully explained and I
> understand all my rights with respect to the provisions of the United States
> Sentencing Commission's Guidelines Manual which may apply in my case.  I
> have read and carefully reviewed every part of the plea agreement with my

---

[37] *Id.*
[38] *Id.* at p. 13.
[39] *Id.*
[40] *Id.* at pp. 25-26.
[41] *Id.* at p. 26.
[42] *Id.* at pp. 27-30.
[43] *Id.* at pp. 31-32.
[44] *Id.* at p. 32.
[45] *Id.* at p. 34
[46] *Id.* at pp. 36-38.
[47] *Id.* at pp 40-41.
[48] *Id.* at pp. 42-43.

attorney.  I understand the agreement and I voluntarily agree to its terms.[49]

Based on the above review of the record, it appears that Jaramillo's plea and waiver were knowing and voluntary.  However, the Court must next consider whether the claims made here impact the validity of the waiver.

### D.      Ineffective Assistance of Counsel

Jaramillo bases his § 2255 petition in part on a claim of ineffective assistance of counsel. Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255.  Under the pertinent two-prong test, Jaramillo must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Jaramillo suffered prejudice as a result.[50]  In assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."[51]

As explained above, in limited circumstances, a petitioner may plead around his § 2255 waiver with a claim of ineffective assistance of counsel pertaining to the plea or waiver. Jaramillo's claims of ineffective assistance of counsel pertain to two distinct portions of his proceedings.

### 1.      Ineffective Assistance of Counsel as Related to Jaramillo's Plea and Waiver

Jaramillo makes a few claims that could bear on the validity of his plea and waiver.  First, Jaramillo argues that the plea deal he was offered by the government was less favorable than it should have been because his attorney did not pursue the fast track program.[52]  The Court is not persuaded by this argument.  The Laredo division does not offer a fast-track program.  Since the

---

[49] Cr. Dkt. No. 15.
[50] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[51] *Id.* at 689.
[52] Dkt. No. 2 at p. 5.

program did not exist, it was reasonable for his attorney to not seek participation in the program. Additionally, a failure to ask for participation in a program that was unavailable did not prejudice Jaramillo. Therefore, Jaramillo has failed to satisfy either prong of *Strickland* with this claim.

Second, Jaramillo claims that his attorney did not properly explain the consequences of his plea waiver to him. This flies in the face of Jaramillo's own statements to the Court at his rearraignment. Jaramillo represented to the Court that he had gone through his plea agreement with his attorney. Furthermore, Jaramillo would not be able to demonstrate prejudice because the Court independently covered the waiver of appeal with Jaramillo.

Considering the foregoing, the Court finds that Jaramillo's plea and waiver were entered into knowingly and voluntarily. Thus, Jaramillo is bound by the terms of his valid waiver.

### 2.      Ineffective Assistance of Counsel as Related to Jaramillo's Sentencing

Jaramillo claims ineffective assistance of counsel based on his counsel's behavior in the sentencing process. Jaramillo waived his right to attack his sentence, and this claim does not undermine the validity of Jaramillo's plea or waiver. Therefore, the Court cannot reach the merits of his ineffective assistance of counsel claim because it falls squarely within the scope of the waiver, and no exceptions apply.

The Fifth Circuit recognized the gravity of waivers in *United States v. Baty* when it stated

When a defendant waives [his] right to appeal, [he] gives up the very valuable right to correct a district court's unknown and unannounced sentence. After waiving [his] right to appeal, the district court could err in its application of the Sentencing Guidelines or otherwise impose an illegal sentence. Indeed, the defendant may find [himself] serving unnecessary jail time. Yet, the defendant, who has waived [his] right to appeal, cannot appeal these errors.[53]

This explains why the Court went to such great lengths in Jaramillo's case to ensure that his waiver was knowing and voluntary. Jaramillo knowingly and voluntarily waived his rights to

---

[53] *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

appeal and collaterally attack his sentence.  He received the benefit of his bargain through the government's concessions in the plea agreement.  He may not now escape the consequences of that valid waiver simply because he is dissatisfied with his sentence.

### 3.  Ineffective assistance of counsel related to appeal

Jaramillo claims that his attorney failed to file a notice of appeal because his attorney did not consult with him after sentencing.[54]  The Court notes that Jaramillo signed a notice of non-appeal.[55] The notice states, "I am a defendant in this case, and I have now been sentenced.  I know that I have the right to appeal to the Court of Appeals.  I have discussed my case with my attorney and I have decided not to pursue an appeal."[56]  Despite his claims to the contrary in his motion, this notice, signed by Jaramillo, indicates that his attorney consulted with him about an appeal.

Furthermore, even if it was clear that Jaramillo's attorney did not consult with him about an appeal, the Court would not find ineffective assistance of counsel on these facts.  In *Roe v. Flores-Ortega*,[57] the Supreme Court stated,

> [w]e cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient.  Such a holding would be inconsistent with both our decision in *Strickland* and common sense  .  .  .  [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known.  Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court

---

[54] Dkt. No. 2 at pp. 10-12.
[55] Cr. Dkt. No. 25.
[56] *Id.*
[57] 528 U.S. 470 (2000).

must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.[58]

Jaramillo entered into a plea agreement with the government.[59]   Although, the plea agreement did not specify a sentence,[60] Jaramillo was sentenced within the statutory limit[61] and within the applicable guideline range.   Importantly, Jaramillo's plea agreement included a waiver of appeal.[62]   Even if Jaramillo's attorney did not consult with him about an appeal, the court would not find that his attorney's conduct was unreasonable considering the specific facts of this case. Therefore, Jaramillo has failed to satisfy the first prong of an ineffective assistance of counsel claim because his attorney acted in an objectively reasonable manner.

### E.      Unreasonable Sentence

Although Jaramillo raised the reasonableness of his sentence in his claim that he received ineffective assistance of counsel during his sentencing—a claim that is blocked by Jaramillo's valid waiver—the Court will construe his claim broadly to allege that he received an illegal sentence.[63]   The Court recognizes that a valid § 2255 waiver "does not preclude review of a sentence that exceeds the statutory maximum."[64] The Court finds that Jaramillo was sentenced within the statutory range of 8 U.S.C. § 1326; Jaramillo received a legal sentence.

---

[58] *Id.* at 479-480 (internal citations omitted).
[59] Cr. Dkt. No. 14.
[60] Cr. Dkt. No. 14 at ¶ 12.
[61] 8 U.S.C. 1326(b)(2); Cr. Dkt. No. 23.
[62] Cr. Dkt. No. 14 at ¶ 7.
[63] *Haines v. Kerner*, 404 U.S. 519, 520 (1972)
[64] *United States v. Hollins*, 97 Fed. Appx. 477, at *479 (5th Cir. 2004).

### III.   CONCLUSION

The Court has reviewed the motion, record, and controlling authorities.  For those claims on which the Court reached the merits, it finds that Jaramillo failed to show that he received ineffective assistance of counsel or that his sentence was illegal.  Furthermore, the remaining claims advanced in Jaramillo's 28 U.S.C. § 2255 motion fall squarely within the scope of a voluntary waiver.  Therefore, Jaramillo's motion is **DISMISSED with prejudice.**  Should Jaramillo seek a certificate of appealability, the same is **DENIED**.

IT IS SO ORDERED

DONE this 7th day of January, 2011, in Laredo, Texas.

_____
        Micaela Alvarez
UNITED STATES DISTRICT JUDGE